

# IN THE
# TENTH COURT OF APPEALS

## No. 10-13-00255-CV

**RAYMOND THIBODEAU,**

Appellant

v.

**DODEKA, LLC,**

Appellee

**From the 413th District Court**
**Johnson County, Texas**
**Trial Court No. C201100407**

## O R D E R

Raymond Thibodeau complains in his motion for rehearing filed on April 11, 2014 that we "improperly determined that the only record of the proceedings in the Justice Court was the original petition of Dodeka." We write on this issue only to clarify our position.

What was stated in our opinion was, "The only 'record' from the justice court proceeding presented to the trial court was the default judgment and Dodeka's original petition." We misspoke when we stated those were the only two documents of the

record from the justice court presented to the trial court. In his "Optional Contents" appendix, *see* TEX. R. APP. P. 38.1(k)(2), and attached to his response to Dodeka's amended motion for summary judgment, Thibodeau included an "Affidavit of Damages in a Collection Case" that he contends was filed in the justice court, although there is no file mark on the document. But Thibodeau had not included as part of this Affidavit the exhibits referenced therein and apparently attached to that original Affidavit, including an "Affidavit of Indebtedness and Assignment" and other documents, two of which were statements from the credit card company to Thibodeau showing his balance due as $12,147.63 and $14,907.32. These two documents, however, were attached to Thibodeau's "Necessary Contents" appendix, *see* TEX. R. APP. P. 38.1(k)(1), with no indication on them that they were documents that were filed with the justice court in the proceeding below.[1]

Nevertheless, we had located, reviewed, and considered these documents in our review of Thibodeau's issue. And, because the authorized representative of Dodeka swore in her Affidavit of Damages in a Collection Case that the balance at the time she made the affidavit was $9,604.32, our determination that Thibodeau's suit was an improper collateral attack does not change. That other documents, attached to the

---

[1] There would not be a separate file mark on these documents because they were attachments to the affidavit which also would not have a separate file mark because it was an attachment to the response to the motion for summary judgment. Although we were able to piece this compilation together, counsel should be cautious about dismantling pleadings and presenting only portions of them without carefully describing what the complete document included.

affidavit and made at an earlier date, state higher amounts due is of no consequence on our analysis, opinion, or judgment.

Thibodeau's remaining complaints do not warrant further discussion by the Court.

Accordingly, Thibodeau's motion for rehearing is denied.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Motion denied
Order issued and filed May 1, 2014